RUFUS G. STARKWEATHER, RESPONDENT, *v.* CLARISSA E. STARKWEATHER, APPELLANT.

*Alimony and counsel fees — when they should be allowed.*

In an action brought by a husband to procure an absolute divorce from his wife, upon the ground of her adultery, she put in an answer alleging that the plaintiff had been guilty of adultery, and that she had upon that ground procured an absolute divorce from him in the State of Illinois, and subsequently married the person with whom the plaintiff claimed that she had committed the adulterous acts for which he sought a divorce.

*Held,* that the case was one in which the court should exercise its discretion as to granting an allowance on an application made by the wife for alimony *pendente lite,* and for the expenses of her defense.

APPEAL from an order of the Lewis Special Term, denying the defendant's motion for alimony *pendente lite*, and for the expenses of her defense in an action for divorce on the ground of her alleged adultery.

*Mills, Palmer & Morgan*, for the appellant.

*Smith & Steele*, for the respondent.

SMITH, P. J.:

The complaint alleges a valid marriage between the parties, and that the defendant subsequently abandoned the plaintiff and committed adultery with Thomas T. Morford. The answer admits the marriage, and alleges the subsequent adultery of the plaintiff, and that on the ground of such adultery the defendant procured a divorce from him by the judgment of a court of competent jurisdiction in the State of Illinois. The answer further alleges that after said divorce was obtained, and before the commencement of this suit, the defendant was married to the said Thomas T. Morford. By stipulation on the part of the plaintiff, all allegations in the complaint of adultery on the part of the defendant prior to the marriage with Morford are withdrawn.

The order appealed from states that the defendant's motion was denied upon the ground that it appears from the pleadings herein that the defendant does not stand in the relation of wife to the plaintiff.

We think the Special Term erred. The general rule is, that where the existence of the marital relation is admitted or shown, if the husband seeks to avoid it by reason of some fact existing either at the time of the marriage or subsequently thereto, it devolves upon him to show the fact, and alimony will be granted till the fact is shown. (*North* v. *North*, 1 Barb. Ch. R., 241; *Brinkley* v. *Brinkley*, 50 N. Y., 184.) Here, as both parties admit the fact of marriage, and the husband seeks to avoid it on the ground of the alleged adultery of his wife, the case is clearly within the rule, unless it is taken out of the operation of the rule by reason of some fact stated by the wife by way of defense. The plaintiff's counsel is understood to contend that the case is not within the rule by reason of the fact that the defendant alleges, in avoidance of

the charge of adultery, that before the commission of the alleged offense she was divorced from the plaintiff and was married to the man with whom the offense is alleged to have been committed, the argument being that if her allegation is true she is not the wife of the plaintiff, and so is not entitled to alimony. But the truth of that allegation is one of the issues to be tried. The plaintiff denies it, as appears from his affidavit used in opposition to the motion, in which he alleges that the judgment of the Illinois court is void for want of jurisdiction of his person. The plaintiff's counsel assumes in his argument, that if the defendant fails in that issue her adultery will stand confessed, and for that reason she is not entitled to alimony. But the issue of his adultery is in the case, and if the defendant succeeds on that issue she will make out a complete defense to the action, although the decree of divorce on which she relies should be held to be void. It has been held, that in general, if a wife, who is sued for a divorce, in her answer either denies her guilt or sets up affirmative defenses, such as forgiveness or recrimination, or does both, counsel fees and alimony will be allowed her, unless the court is satisfied that she is altogether in the wrong, or has no reasonable ground of defense. (*Strong* v. *Strong*, 1 Abb. Pr. [N. S.], 358; *Clark* v. *Clark*, 7 Robt., 284.)

We think the case is a proper one for the exercise of the discretion of the court as to the granting of an allowance and its amount, and as that discretion has not been exercised, the order should be reversed, and leave given to renew the motion at Special Term, with ten dollars costs and disbursements of the appeal.

HARDIN and BARKER, JJ., concurred.

Ordered accordingly.